UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT JEWETT, | No. 2:13-cv-0882 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

    Plaintiff, a Shasta County inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4. By Order field on August 27, 2013, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint within thirty days. ECF No. 6. Plaintiff filed a second amended complaint. ECF No. 9. Plaintiff also filed a motion for summary judgment, ECF No. 10, which will be vacated at this time as premature.

    As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

1  immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
8  Cir. 1989); Franklin, 745 F.2d at 1227.

9  A complaint must contain more than a "formulaic recitation of the elements of a cause of
10  action;" it must contain factual allegations sufficient to "raise a right to relief above the
11  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
12  contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a
13  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
14  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual
15  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
16  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has
17  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19  In reviewing a complaint under this standard, the court must accept as true the allegations
20  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96
21  S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve
22  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843
23  (1969).

24  The second amended complaint states a colorable claim for relief against defendants
25  Shasta County, California Forensic Medical Group, Inc. and Dr. Austin for violations of the ADA
26  (Americans with Disabilities Act) with respect to an alleged failure by defendants to
27  accommodate plaintiff's well-documented physical limitations.  In addition, plaintiff's allegations
28  that he is denied access to education programs and religious services because of his disability

2

frame a cognizable ADA claim against defendant County of Shasta.

However, to the extent plaintiff seeks to make a claim under the Eighth Amendment pursuant to 42 U.S.C. § 1983, it is not sufficient to simply claim he was "negligently" housed or that the medical facility was overcrowded.  Second Amended Complaint, ECF No. 9, at 2-4.

Eighth Amendment Inadequate Medical Care Claim

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

3

1 established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
2 inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
3 citation omitted) (emphasis added).

4     A physician need not fail to treat an inmate altogether in order to violate that inmate's
5 Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A
6 failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may
7 constitute deliberate indifference in a particular case. Id. However, mere differences of opinion
8 concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.
9 Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th
10 Cir. 1981). In cases involving complex medical issues where plaintiff contests the type of
11 treatment he received, expert opinion will almost always be necessary to establish the necessary
12 level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

13     A finding that an inmate was seriously harmed by the defendant's action or inaction tends
14 to provide additional support for a claim of deliberate indifference; however, it does not end the
15 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
16 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
17 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the
18 defendant." McGuckin, 974 F.2d at 1061.

19     Plaintiff's claim that defendants were negligent in their housing or treatment of plaintiff is
20 dismissed, but plaintiff is granted leave to amend.

21     Grievance Procedure

22     Plaintiff's claim that defendants violated a state law, Cal. Pen. Code § 832.5, with regard
23 to the processing of inmate complaints (ECF No. 9 at 5) at the jail, does not state a constitutional
24 claim. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance
25 procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855
26 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to
27 properly implement, an administrative appeals process within the prison system does not raise
28 constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997

F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).[1]  Jail grievance procedures, just like prison grievance procedures, do not create an enforceable substantive right under 42 U.S.C. § 1983.  Flournoy v. Fairman, 897 F.Supp. 350, 354 (N.D. Ill. 1995).  Plaintiff's due process claims accordingly will be dismissed, but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . .  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, supra (internal citations omitted).

1  general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa
2  County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint
3  super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an
4  amended complaint, the original pleading no longer serves any function in the case.  Therefore, in
5  an amended complaint, as in an original complaint, each claim and the involvement of each
6  defendant must be sufficiently alleged.
7          Accordingly, IT IS HEREBY ORDERED that:
8          1. Plaintiff's claims of negligence and due process violations against the defendants are
9  dismissed for the reasons discussed above, with leave to file a third amended complaint within
10 twenty-eight days from the date of service of this Order.  Failure to file a third amended
11 complaint will result in a recommendation that these claims be dismissed from this action.
12         2. Upon plaintiff's filing a third amended complaint or expiration of the time allowed
13 therefor, the court will make further orders for service of process upon some or all of the
14 defendants.
15         3. Plaintiff's premature motion for summary judgment (ECF No. 10), filed on October
16 15, 2013, is hereby vacated.
17 DATED: January 21, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE