UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT JEWETT, | No.  2:13-cv-0882 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the fourth amended complaint against defendants California Forensic Medical Group, Jeremy Austin, Mary Barnes, James Roemmich, and the Shasta County Sheriff's Department.  As of May 16, 2015, petitioner is proceeding with counsel.  See ECF Nos. 45, 46, 48.  Discovery in this case is ongoing and will close on March 15, 2016.  ECF No. 50.

On April 10, 2015, plaintiff filed a pro se motion requesting a court order "for all relevant records and information."  ECF No. 43.  The court construes this request as a motion to compel discovery.  In his motion, plaintiff states that he is "having trouble getting . . . information" and explains that "in the past" he requested copies of his medical records, request slips, and grievances from defendant California Forensic Medical Group's health administrator, James Roemmich.  Id. at 2.  Plaintiff, who is indigent, was allegedly told he would not be provided with copies until he paid a fifteen dollar fee.  Id.  Plaintiff seeks a court order requiring production of

1  plaintiff's medical, mental health, and administrative records, as well as any reports or grievances
2  filed. Id.
3      Defendant California Forensic Medical Group ("CFMG") opposed plaintiff's motion on
4  the grounds that plaintiff never filed nor served CFMG's counsel of record with any request for
5  production of documents. ECF No. 44 at 1. Defendant states that CFMG is the custodian of
6  plaintiff's medical file for care provided at Shasta County Jail, and that defendant will produce
7  the relevant records should plaintiff make an appropriate request.[1] Id.
8      The record before the court suggests that plaintiff's discovery requests were not properly
9  served on defendant before plaintiff filed his motion to compel discovery. See Fed. R. Civ. P.
10 5(b). Specifically, it appears that plaintiff served his requests on defendant Roemmich himself
11 rather than on counsel for defendants. Accordingly, plaintiff's motion to compel is denied.
12 However, the denial shall be without prejudice to the re-filing of a better supported motion by
13 plaintiff, who is now represented by counsel.
14     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 43)
15 is denied without prejudice.
16 DATED: November 18, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant also notes that plaintiff has not responded to the first set of interrogatories defendant CFMG served on plaintiff. ECF No. 44 at 2.