Jon A. Atabek (SBN 269497)
*jatabek@atabeklaw.com*
ATABEK & ASSOCIATES
57 Bianco
Irvine, California 92618
Phone: (213) 394-5943; Fax: (213) 402-3413

Anna Rivera (SBN 239601)
*Anna.Rivera@drlcenter.org*
Kara Janssen (SBN 274762)
*Kara.Janssen@drlcenter.org*
DISABILITY RIGHTS LEGAL CENTER
256 S. Occidental Blvd., Suite B
Los Angeles, California 90057
Tel:  (213) 736-1031; Fax:  (213) 736-1428
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT JEWETT,

               Plaintiff,

     vs.

SHASTA COUNTY SHERIFF'S
DEPARTMENT, a public entity;
CALIFORNIA FORENSIC MEDICAL
GROUP, INC. a private entity, and DR.
JEREMY AUSTIN, MARY BARNS, and
JAMES ROEMECH,

               Defendants.

Case No.: 2:13-cv-0882 MCE AC (PC)

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in this litigation involves the production of sensitive and confidential information by the Parties, IT IS HEREBY STIPULATED AND AGREED TO, by and between the Parties, through their respective counsel of record, that the following Protective Order be entered:

## I.      GOOD CAUSE STATEMENT

Plaintiff Everett Jewett and Defendants California Forensic Medical Group and Shasta County Sheriff's Department ("Defendants") (collectively, the "Parties") anticipate that during discovery in this Action they will exchange documents, items, materials, and other information

---

1

**STIPULATED PROTECTIVE ORDER**

that contain sensitive, confidential, and/or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting this Action, would be warranted.  Such sensitive and confidential information may include, but is not limited to, medical and mental health information. The Parties wish to protect the confidentiality of such information while ensuring that discovery may be pursued with a minimum of delay and expense. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

## II.    DEFINITIONS

### a.    Action

The above-titled lawsuit, *Jewett v. California Forensic Medical Group, et al.*, 2:13-cv-0882 MCE AC (PC).

### b.    Confidential Information

"Confidential Information" shall mean information, regardless of how it is generated, stored or maintained, or tangible things, in the possession of a Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

### c.    Counsel

For purposes of this Order, "Counsel" or "Attorney" means counsel of record for the parties of this action and all their employees, agents, experts, and law student clerks, if applicable.

### d.    Disclosure or Discovery Material

All items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, testimony, transcripts, or tangible things, that are produced and/or generated in disclosures or responses to discovery in this matter.

### e.    Documents

The term "Documents" shall mean all written, recorded, graphic, or electronically stored matter whatsoever, including but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to request for admissions, and any portion of any Court

papers that quote from the foregoing and any other disclosure or discovery material that is designated by the Parties as "Confidential Information."  The term "Documents" is limited to material or information produced in the above-captioned litigation.

      **f.**    **Designating Party**

A party that designates information or items disclosed or produced in response to discovery as "Confidential."

      **g.**    **Expert**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

      **h.**    **Party**

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel including support staff.

      **i.**    **Professional Vendors**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

      **j.**    **Receiving Party**

A party or non-party that receives disclosure or discovery material containing Confidential Information in this action.

### III.    SCOPE

The protections conferred by this Order cover not only Confidential Information, as defined above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information, including information admission of evidence at trial.

**STIPULATED PROTECTIVE ORDER**

## IV.   DURATION

Following the termination of this litigation, pursuant to Section XIII of this Agreement governing final disposition,' the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.   DESIGNATING PROTECTED MATERIAL

### a.   Exercise of Restraint and Care in Designating Material for Protection

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection at all, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

### b.   Manner and Timing of Designations

All Confidential Information, no matter who produces it, may be designated confidential by any party and any party may mark it as confidential. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    1)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "'CONFIDENTIAL" on each page that contains Protected Material. Documents or materials available for inspection need not be designated for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for

inspection shall be deemed "Confidential" for the duration of the review. After the Receiving Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the Designating Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

2)      For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony either on the record or in writing within ten business days after Court approval of this Stipulation or receipt of the deposition or proceeding transcript. Transcript pages containing Confidential Information must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the Designating Party.

3)      For information produced other than in documentary form, and for any other tangible items, that a Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

4)      If documents are produced on a computer disc or other electronic and/or digital format, each page of the documents on the disc that contain Confidential Information, to the extent practicable, shall be designated as such by affixing the legend "CONFIDENTIAL" to each page. A sticker indicating that the disc contains some Confidential Information shall also be affixed to the disc. If any of the documents are used at depositions or attached as pleadings, each page of these documents shall be stamped indicating that they are subject to this Order.

c.      **Inadvertent Failures to Designate**

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive any Party's right to secure protection under this Order for such

material. If material is appropriately designated within a reasonable period of time as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a Designating Party fails to comply with the requirements of this protective order with respect to materials that the Designating Party has previously designated, all protections as to such materials are waived.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.  If any party objects to the designation of any document(s) produced or filed as "Confidential" that party may file a motion to resolve the dispute pursuant to the procedures outlined in Eastern District of California Local Rule 251.  Pursuant to Local Rule 251(b), prior to filing a motion the parties must meet and confer in an attempt to resolve the issue. If the parties are unable to resolve their disagreement, pursuant to Local Rule 251(c), the moving party shall prepare and file a Joint Statement re Discovery Disagreement, subject to the exceptions outlined in Local Rule 251(e).

## VII.     ACCESS TO AND USE OF PROTECTED MATERIAL

A Receiving Party may use Confidential Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section XIII below.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### a.     Disclosure of otherwise  "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including General Counsel or House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a)  Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b)   Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

    (c)  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by this Order's remedies and relief.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)  Promptly notify in writing the Requesting Party and the Non-Party that some or all of

the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  Promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  Make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.     INADVERTANT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII.   MISCELLANEOUS

### a.   Modification

Nothing in this Order shall preclude any Party from applying to the court to modify this Order to provide for additional safeguards to ensure the confidentiality of materials produced in this Action or otherwise modify this Order for good cause shown.

### b.   Right to Assert Other Objections

By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

### c.   Filing Protected Material

A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 141 and 141.1(e).  Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.  If the Court denies a Party's request to file under seal, then the Receiving Party may file the information in the public record unless the Court instructs otherwise.

### d.   Retention of Jurisdiction

The court shall retain jurisdiction over all persons to be bound by the terms of this Order, during the pendency of this Action and for such time thereafter as is needed to carry out its terms.

## XIII.   FINAL DISPOSITION

Within 60 days of final disposition of this Action, each Receiving Party must return all Confidential Information to the Producing Party or destroy such material.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or

without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information except such abstracts or summaries that are protected attorney work product.  Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth in Section IV.

## XIV.   ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.  However, before any party seeks to prosecute any violation of this Order, said party must engage in a good faith meet and confer effort to resolve the dispute.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 4, 2015                                   ATABEK & ASSOCIATES
                                                         DISABILITY RIGHT LEGAL CENTER

1

Kara Janssen
2      Attorneys for Plaintiff

3      Dated: January 4, 2015                    BRICKWOOD LAW OFFICE
4

5                                                ____/s/ GARY BRICKWOOD____
6                                                Gary Brickwood
                                                 Attorney for Defendant Shasta County
7                                                Sheriff's Office

8      Dated: January 4, 2015                    LAW OFFICE OF JEROME VARANINI
9

10                                               ____/s/ JEROME VARANINI_____
                                                 Jerome Varanini
11                                               Attorney for Defendant California Forensic
12                                               Medical Group

13

14     **IT IS SO ORDERED.**

15     DATED:  January 8, 2016

16

17                                               ALLISON CLAIRE
                                                 UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

---
**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE

ORDER ENTERED IN THE UNITED STATES DISTRICT

COURT – EASTERN DISTRICT OF CALIFORNIA


The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing *Jewett v. California Forensic Medical Group, et al*., 2:13-cv-0882 MCE AC (PC) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing its terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

Dated: _____          By: _____

                                                            Signature


                                                    _____

                                                            Printed Name


                                                    Of: _____

                                                            Name of Employer