# EXHIBIT A

KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@kvn.com
AJAY S. KRISHNAN - # 222476
akrishnan@kvn.com
TAYLOR GOOCH - # 294282
tgooch@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400

ATABEK & ASSOCIATES, P.C.
JON A. ATABEK, ESQ. - # 269497
jatabek@atabeklaw.com
16330 Bake Parkway
Irvine, CA 92618
Telephone:     213 394 5943

DISABILITY RIGHTS LEGAL CENTER
MARONEL BARAJAS - #242044
maronel.barajas@drlcenter.org
ANNA RIVERA - # 239601
anna.rivera@drlcenter.org
350 S. Grand Avenue, Suite 1520
Los Angeles, CA 90071
Telephone:     213 736 1031

Attorneys for Plaintiffs
EVERETT JEWETT, LEGAL SERVICES FOR PRISONERS
WITH CHILDREN, GLEN HAROLD EVERETT, MICHAEL
DONALD ACKLEY, HAROLD ROBERT MARQUETTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT JEWETT, LEGAL SERVICES FOR PRISONERS WITH CHILDREN, GLEN HAROLD EVERETT, MICHAEL DONALD ACKLEY, HAROLD ROBERT MARQUETTE, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>          v.<br><br>SHASTA COUNTY SHERIFF'S DEPARTMENT, a public entity; TOM BOSENKO, as Sheriff of the Shasta County; SHASTA COUNTY, a public entity; and CALIFORNIA FORENSIC MEDICAL GROUP, INC. a private entity; and DOES 1 through 25, in their individual capacities,<br><br>                    Defendants. | Case No. 2:13-cv-0882 MCE AC (PC)<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**<br><br>Dept.:<br>Judge:      Hon. Morrison C. England, Jr.<br>               Hon. Allison Claire<br><br>Date Filed:  May 6, 2013<br><br>Trial Date: |

1144699

# I.    RECITALS

1.    This Settlement Agreement and Release of Claims (the "Settlement Agreement") is made and entered into among:  (i) Shasta County ("County"), Shasta County Sheriff's Department ("Sheriff's Department"), (ii) Tom Bosenko as Sheriff of the Shasta County (together, the "County Defendants"); (iii) the California Forensic Medical Group ("CFMG") (collectively, "Defendants"); and (iv) Everett Jewett, Glen Harold Everett, Michael Donald Ackley, and Legal Services for Prisoners with Children, individually and on behalf of themselves and a class of persons similarly situated (the "Settlement Class," as defined below) and Harold Robert Marquette, individually (collectively, "Plaintiffs").  Plaintiffs and the Defendants will be referred to in this Settlement Agreement individually as a "Party" and collectively as the "Parties."

2.    On May 6, 2013, Plaintiff Everett Jewett commenced a civil action in pro per in the United States District Court for the Eastern District of California, Case No. 2:13-cv-00882-MCE-AC (the "Complaint"), against Shasta County Jail, California Medical Group, and California Medical Group medical directors alleging, *inter alia*, that Defendants discriminated against him because of his disability.

3.    The Complaint was subsequently amended, concluding with the Fifth Amended Complaint ("the Lawsuit") to include additional Plaintiffs Legal Services for Prisoners with Children, Glen Harold Everett, Michael Donald Ackley, and Harold Robert Marquette.  The Lawsuit alleged claims solely against Defendants.  In the Complaint, Plaintiffs alleged claims, *inter alia*, under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131, et seq.); Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, et seq.); and California Government Code § 11135, *et seq.* on the grounds that Defendants failed to provide meaningful access to prisoners with Mobility Disabilities in the Shasta County Jail ("Jail").

4.    On January 27, 2017, Plaintiffs filed a motion for class certification.

5.    On April 4, 2017, the District Court granted Plaintiffs' motion for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.  The District Court certified the following class of persons for declaratory and injunctive relief only: "All

1

1144699

current and future detainees and prisoners at Shasta County Jail with mobility disabilities who, because of their disabilities, need appropriate accommodations, modifications, services, and and/or physical access in accordance with federal and state disability laws."

6.     The Parties now seek to resolve their differences and disputes in the Lawsuit by settling such claims, disputes and controversies under the terms set forth in this Settlement Agreement.

## II.     DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning ascribed to them in this Section and in the Recitals.  Except to the extent clearly required to the contrary by the context of its usage in this Settlement Agreement, any term not expressly defined in this section or elsewhere in the Settlement Agreement that has an expressly defined meaning in the ADA and the regulations promulgated thereunder shall have the meaning ascribed to it by the ADA and its implementing regulations.  All other terms shall be interpreted according to their plain and ordinary meaning.

### 1.  Settlement Agreement

"Settlement Agreement" means and refers to this document and any exhibits incorporated herein.

### 2.  Accessibility Laws

"Accessibility Laws" means all  state, and federal laws and regulations requiring, promoting, and/or encouraging equal or improved access to persons with disabilities (including, without limitation, the following:  the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. and all of its implementing regulations and design standards; the Rehabilitation Act of 1973, 29 U.S.C. §§ 790, et seq. and all of its implementing regulations and design standards; the Unruh Act,  Cal. Civ. Code §§ 51, *et seq*.; the Disabled Persons Act, Cal. Civ. Code §§ 54, et seq.; California Government Code §§ 4450, et seq.; California Government Code §§ 4450, et seq.; California Government Code §§ 11135, et seq.; California Health & Safety Code §§ 19955, et seq.; and the regulations codified in Title 24 of the California Code of Regulations).

1144699

### 3. **Accessibility Standards**

"Accessibility Standards" means federal and state Accessibility Laws, including the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), and Title 24 of the California Building Code ("Title 24").

### 4. **ADA Coordinator**

"ADA Coordinator" means the individual or individuals retained or designated by the County Defendants pursuant to and in accordance with the terms of Section III.7.

### 5. **Class Counsel**

"Class Counsel" means collectively the Disability Rights Legal Center, Atabek & Associates, P.C., and Keker, Van Nest & Peters LLP.

### 6. **Mobility Disability**

"Mobility Disability" means any impairment or medical condition that substantially limits a person's ability to walk, ambulate, maneuver around objects and/or to ascend and/or descend steps or slopes as defined by Federal and state law. A person with a Mobility Disability may or may not use a wheelchair, scooter, crutches, walker, cane, brace, orthopedic device, or similar equipment or device to assist his or her navigation.

### 7. **Settlement Class**

"Settlement Class" means the class of all current and future detainees and prisoners with a Mobility Disability, who at any time from May 6, 2011 through the Term who, because of their disabilities, need appropriate accommodations, modifications, services, and and/or physical access at Shasta County Jail ("Jail").

### 8. **Class Members**

"Class Members" shall mean individuals who meet the definition of the Settlement Class.

### 9. **Dispute or Disputes**

"Dispute" or "Disputes" means any dispute relating to any violation of or failure to perform any of the provisions of this Settlement Agreement and/or disputes between the Parties concerning the interpretation, implementation, monitoring, compliance, and or modification of the Settlement Agreement. All Disputes will be resolved using the Dispute Resolution Procedure

1144699

outlined in Section III.13.

**10. <u>Fairness Hearing</u>**

Fairness Hearing means the hearing to be held by the District Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the settlement set forth in this Settlement Agreement should be approved.

**11. <u>Final</u>**

"Final," as applied to the term "Judgment" (as defined below), means that (i) the time for appeal or writ has expired and no appeal or petition for review has been taken, or (ii) if an appeal or petition for review is taken and the settlement set forth in this Settlement Agreement has been affirmed in full, the time period during which any further appeal or review can be sought (including through any appeal, petition for review, writ of certiorari or otherwise) has expired and no such further appeal or review has been sought.  In the event that no objections to this Settlement Agreement are raised prior to or at the Fairness Hearing, that any objections that have been raised have been fully and formally withdrawn, or that no viable objections otherwise exist at the time of the Fairness Hearing, the Judgment will become "Final" as of the District Court's issuance of the Judgment.  If the Judgment is set aside, materially modified, disapproved or overturned by any court, and is not fully reinstated on further appeal or review, the Judgment will not become or be "Final."

**12. <u>Final Approval</u>**

"Final Approval" means the order by the District Court, after notice and the holding of the Fairness Hearing, granting approval of this Settlement Agreement under Rule 23(a) of the Federal Rules of Civil Procedure.  The hearing at which such Final Approval is considered or granted, should a hearing be held, will be called the "Final Approval Hearing."

**13. <u>Judgment</u>**

"Judgment" means a judgment entered by the District Court in this Lawsuit, substantially in the form attached to this Settlement Agreement as Exhibit A that, among other things, fully approves the terms of this Settlement Agreement and retains the District Court's jurisdiction to enforce the Settlement Agreement throughout the Term.

1144699

**14. Effective Date.**

"Effective Date" of the Settlement Agreement is the date on which the District Court issues an Order granting final approval of the Settlement Agreement. If objections are filed to the settlement, the Effective Date is the date of the final resolution of any appeal of the Final Approval of this Settlement Agreement, or, if no such appeal is filed, the expiration of the deadline for filing a Notice of Appeal.

**15. Jail**

"Jail" means the Shasta County Jail facility/ies in which class members are housed.

**16. Class Representatives**

"Class Representatives" means Everett Jewett, Glen Harold Everett, Michael Donald Ackley, and Legal Services for Prisoners with Children.

**17. Notice of Settlement**

"Notice of Settlement" means the notice substantially in the form attached to this Settlement Agreement as Exhibit B, to be provided to the Settlement Class as set forth in Section III.2.3.

**18. Parties**

"Parties" refers to the Defendants, Named Plaintiffs, and Settlement Class Members together.

**19. Plaintiffs**

"Plaintiffs" refers to Plaintiffs Legal Services for Prisoners with Children, Glen Harold Everett, Michael Donald Ackley, and Harold Robert Marquette and Settlement Class Members together.

**20. Released Claims**

"Released Claims" refers to the First, Second, Third, Fourth, Fifth, and Sixth Claims in the Lawsuit.

**21. Preliminary Approval**

"Preliminary Approval" means the preliminary approval of this Settlement Agreement by the District Court as described in Section III.2.2.

1144699

22. **Related Entities**

"Related Entities" means any and all departments, divisions, agencies, bureaus, commissions, offices, corporations, commissioners, officers, employees, agents, representatives, board members, officials, assigns, assignors, attorneys, affiliates, predecessors, successors, employee welfare benefit plans, pensions, or deferred compensation plans (and their trustees, administrators, and other fiduciaries) of the County and any other person or entity acting or purporting to act by, through, under, in concert with or on behalf of the County, or any of them, with respect to the matters described in this Settlement Agreement.

23. **Self-Evaluation**

"Self-Evaluation" means the self-assessment required of public entities under Title II of the Americans with Disabilities Act.

24. **Term**

"Term" means the term of this Settlement Agreement which begins with the Final Approval and will expire two (2) years after the removal and/or remediation of all physical barriers in the jail as identified and recommended by the Joint Accessibility Expert.

25. **Days**

"Days," as used in this Settlement Agreement and all Exhibits, means calendar days, unless otherwise noted.

III.   **AGREEMENT**

NOW, THEREFORE, for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree as follows:

1.      **Recitals**

The recitals set forth above are incorporated by reference in this Section and made part of this Settlement Agreement.

2.      **Settlement Approval Process**

2.1.    **Court Approval**

This Settlement Agreement will be subject to approval by the District Court.  However, nothing in this Settlement Agreement will be deemed to authorize the District Court to change or

1144699

modify any of its terms.  The Parties agree that any change, modification or rejection of any of the provisions of this Settlement Agreement by the District Court or any other court without the consent of all parties will constitute a material modification of this Settlement Agreement, will prevent the Judgment from becoming Final, and will give any Party the right to terminate this Settlement Agreement in its entirety.

### 2.2.     Preliminary Approval by the District Court

Within thirty (30) days of circulating the fully executed Settlement Agreement, the Plaintiffs and the County will jointly submit a request to the District Court for Preliminary Approval of this Settlement Agreement in this Lawsuit, along with a request for an order from the District Court (substantially in the form attached to this Settlement Agreement as Exhibit A) (the "Preliminary Approval Order"):  (i) preliminarily approving this Settlement Agreement; (ii) directing notice to the Settlement Class as provided in this Settlement Agreement; (iii) setting forth procedures and deadlines for comments and objections as provided in this Settlement Agreement; (iv) scheduling a Fairness Hearing; and (v) enjoining Settlement Class members from asserting or maintaining any claims to be released by this Settlement Agreement pending the Fairness Hearing.

### 2.3.     Notice to Class of Settlement Pursuant to Rule 23(e)

The Parties will jointly request approval by the District Court of notice pursuant Federal Rules of Civil Procedure Rule 23(e) as attached hereto as Exhibit B. To the extent the Court determines that any modifications to the Notice are required, the Parties will make such modifications prior to distribution. Following the District Court's issuance of the Preliminary Approval Order, the Parties will provide notice of the proposed Settlement Agreement, advising members of the Settlement Class of the terms of the proposed Settlement Agreement and their right to object to the proposed Settlement Agreement. This notice will be published as follows:

**2.3.1.**   Within seven (7) business days after the District Court has issued Preliminary Approval Order, the notice will be posted by the Parties, at minimum: (1) on the website of each firm making up Class Counsel; (2) On the County's official website (http://www.co.shasta.ca.us); and (3) in all Jail facilities operated by Defendants, including (but

1144699

not limited to) in all day rooms, the out-patient medical pod, all visitation rooms, and the visitor waiting room. The County will pay the costs for the publication of the notice in this Section with exception of posting on the website of each firm making up Class Counsel. Class Counsel will pay the reasonable costs for the publication of the Notice of Settlement on its websites, but Class Counsel will be entitled to seek reimbursement for all such reasonably incurred costs as part of their motion for reasonable attorney fees, expenses and costs incurred in this action. The notice shall remain posted for thirty (30) days.

**2.3.2.** As set forth in the Notice to Class, any Class Member may object to the proposed Settlement Agreement by submitting their objection to Class Counsel in writing, via regular or electronic mail, or by contacting Class Counsel via a toll-free number that Class Counsel will establish ("Objections") no later than a date set by the Court in this case after preliminary approval of this Settlement Agreement. All Objections will be provided to Defendants' Counsel and filed with the Court. Only Class Members that have properly submitted objections to this Settlement Agreement will have the right, if they seek it in their Objections, to present objections at the Fairness Hearing.

**2.3.3.** The County shall provide notice as required by the Class Action Fairness Act.

### 2.4. **Fairness Hearing**

The Parties will jointly request that the District Court schedule and conduct a Fairness Hearing to decide whether Final Approval of the Settlement Agreement will be granted. At the Fairness Hearing, the Parties will jointly move for entry of the Judgment (substantially in the form as attached to this Settlement Agreement as Exhibit A), providing for: (i) Final Approval of this Settlement Agreement as fair, adequate, and reasonable; (ii) final approval of the form and method of notice of the Judgment to the Settlement Class; (iii) final approval of the release of the Defendants from the Released Claims; and (iv) the District Court's retention of jurisdiction over the Parties to enforce the terms of the Judgment throughout the Term of this Settlement Agreement.

1144699

### 2.5. Additional Steps

The Parties will take all procedural steps regarding the Fairness Hearing that may be requested by the District Court and will otherwise use their respective best efforts to consummate the settlement embodied in this Settlement Agreement, and to obtain approval of this Settlement Agreement, and entry of the Judgment.

### 2.6. Effect of Final Approval

This Settlement Agreement, upon Final Approval, will be binding upon the Defendants, Plaintiffs, and all Settlement Class members and, to the extent specifically set forth in this Settlement Agreement, upon Class Counsel, will extinguish all Released Claims and will constitute the final and complete resolution of all issues addressed herein. This Settlement Agreement is the complete and final disposition and settlement of any and all Released Claims, as detailed in Section III.3.

### 2.7. Enforcement of Settlement Agreement

The District Court shall have continuing jurisdiction over this Settlement Agreement throughout the Term, including to resolve any Dispute regarding compliance with this Settlement Agreement that cannot be resolved through the process described in Section III.13, and to rule on Plaintiffs' motion for reasonable attorneys' fees and costs, as described in Section III.15. Nothing in this Section will bar either Party from moving for an extension of the Term to enforce any obligations herein or bar an extension pursuant to 18 U.S.C. § 3626(b)(3).

The Defendants will not assert, after the Judgment has become Final, that the District Court lacks jurisdiction to enforce the terms of this Settlement Agreement, or raise any jurisdictional defense to any enforcement proceedings permitted under the terms of this Settlement Agreement.

### 3. Release of Claims

### 3.1. Release of Claims through Term

Subject to the entry of Judgment by the District Court, Plaintiffs and the Settlement Class members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) ("Releasing Parties"), in consideration of the relief set forth herein, do fully and

9

1144699

finally release, acquit and discharge Shasta County and California Forensic Medical Group and their respective Related Entities from any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for injunctive or declaratory relief only, relating to allegations that prisoners with Mobility Disabilities are being denied access to, excluded from participation in, or denied the benefits of the Shasta County Jail's Facilities starting on May 6, 2013 through the Term. This release of claims will not apply to claims based on accessibility barriers in the Jail's Facilities that remain in existence after the expiration of the Term. The release of claims in this Section will apply and be binding upon the members of the Settlement Class throughout the Term.

This Settlement Agreement and Release of Claims is in compromise of disputed claims and therefore the Settlement Agreement and Release shall not constitute in any manner an admission of liability or responsibility by the parties to this Settlement Agreement and Release of Claims. Notwithstanding any other provisions in this paragraph, Defendants agree that Plaintiffs are the prevailing parties for purposes of reasonable attorneys' fees and costs.

The Released Claims will not include any claims to enforce the terms of this Settlement Agreement.

Except as otherwise provided for in this Settlement Agreement, nothing in this Settlement Agreement releases any damages claims to which Class Members may be entitled.

To avoid any doubt, Mr. Everett Jewett's individual claims are not hereby released except as they relate to purely injunctive relief.

### 3.2. <u>Known or Unknown Claims</u>

With respect to the release of claims as provided in Section III.3.1, Plaintiffs and the Settlement Class agree that the Settlement Agreement will cover all claims for injunctive or declaratory relief of every nature and kind whatsoever, known, or unknown, suspected or unsuspected, past or present, which they may have against the County related to the accessibility of the Jail facilities for persons with Mobility Disabilities, despite the fact that California Civil Code Section 1542 ("Section 1542") may provide otherwise. Releasing Parties expressly waive

1144699

any right or benefit available to them in any capacity regarding claims for injunctive or declaratory relief concerning the accessibility of the Jail Facilities, except for those that remain in existence after the expiration of the Term, under the provisions of Section 1542, which provides: "A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

## 4.    California Forensic Medical Group, or its Successor

If CFMG ever ceases being the medical contractor for the Jail it shall be released of further prospective relief under the terms of this Settlement Agreement.  It shall not be released from any liability for attorney fees and costs for which it is responsible under the terms of this Settlement Agreement or for any fees and costs that arise because of enforcing the fees and costs provisions of this Settlement Agreement.

The County agrees that during the term of this Settlement Agreement, any contract with CFMG's successor shall contain all of the terms of this Settlement Agreement.  The contract shall include an express agreement by the medical contractor to be subject to the terms of this Settlement Agreement and to the Court's jurisdiction.  The County further agrees that any such contract will be submitted to Class Counsel for review before execution by CFMG's successor.

## 5.    Period for Self-Evaluation of Jail Facilities

### 5.1.    Joint Accessibility Expert

Within thirty (30) days of Final Approval, the County will make diligent, good faith efforts to contract with a joint accessibility expert, Sabot Consulting ("Joint Accessibility Expert"), to conduct a full site inspection and assessment of the Jail facilities and prepare a written report of their findings in order to identify those areas that do not comply with the Accessibility Standards in effect at the time of the expert review.

Within ninety (90) days of contracting with the County, subject to availability of the Joint Accessibility Expert, the Joint Accessibility Expert shall perform a full assessment and draft a written report, of all inmate-facing areas of the Jail, including areas under the control of CFMG, or its successor, in order to identify Jail facilities that do not comply with the Accessibility

1144699

Standards. The written report shall detail all physical access barriers in the Jail and recommendations for removal and/or remediation of such barriers, including the modification of jail policies and procedures. The remediation recommendation shall meet the Accessibility Standards in effect at the time of the assessment. For purposes of both evaluation and subsequent remediation, the Joint Accessibility Expert shall be authorized to interact with and interview staff for the County, CFMG, or CFMG's successor, and any inmate. The Joint Accessibility Expert may consider the nature and services of the programs offered at the Jail.

The Joint Accessibility Expert will provide written notice to Class Counsel at least two weeks prior to any site visit. Upon three days written notice to the County, Class Counsel may accompany the Joint Accessibility Expert.

The County agrees to make all of the Joint Accessibility Expert's recommendations for removal and/or remediation of physical barriers in the Jail facilities as soon as possible, with speed and diligence, and not later than three (3) years after receiving the Joint Accessibility Expert's written report. Within one (1) year after receiving the Joint Accessibility Expert's written report, the County agrees to replace combination toilet room fixtures with newer fixtures that provide required clearances per Accessibility Laws, to install or relocate grab bars such that they are in compliance with Accessibility Laws, install toilet seats to raise the seat height to the accessible range, to replace telephone cords with accessible cords, and to install accessible benches in the yards.

### 5.2. <u>Applicable Accessibility Standards</u>

To the extent any of the regulations making up the Accessibility Standards have conflicting technical specifications for the Jail, the Joint Accessibility Expert shall use the implementing regulation or policy that provides for the greatest level of accessibility and benefit to the Class. The Expert has discretion to recommend a less restrictive or accessible regulation or policy if a competing regulation or policy is not possible to implement, as long as that regulation or policy is in compliance with the Accessibility Standards.

### 5.3. <u>Prioritization for Installation, Repair or Replacement</u>

The County and Class Counsel will meet and confer in good faith regarding barrier

1144699

removal priorities.  The County agrees that it will prioritize the installation of grab bars around toilets and in showers, the installation of shower seats in the showers, removal of barriers to enter the shower by Class Members, and the installation of benches in all yards.  The installation of grab bars, shower seats, and benches in all yards will occur within one year of Final Approval.

### 6.    Programmatic Access

Within thirty (30) days of Final Approval, the County will make diligent, good faith efforts to contract with the Joint Accessibility Expert, subject to the Joint Accessibility Expert's availability, to conduct a full assessment of all County or CFMG, or CFMG's successor's, policies and procedures related to the Jail in order to ensure that all Settlement Class Members have and will continue to have access to all programming that non-mobility disabled inmates have in Jail facilities.  The Joint Accessibility Expert shall be authorized to interact with and interview any staff for the County or CFMG, or CFMG's successor, or any inmate.

Within ninety (90) days of contracting with the County, the Joint Accessibility Expert shall prepare a written report detailing his or her findings and recommendations for modifications, if any, to County and CFMG, and its predecessor's, policies and procedures.

### 6.1.    Policies and Procedures

Within 30 days of the completion of the Joint Accessibility Expert's evaluation in Section III.6 Defendants and Class Counsel shall meet and confer to discuss the Joint Accessibility Expert's recommendations and implementation.

Defendants and class counsel will confer and attempt to agree on priorities pertaining to implementation of the expert's recommendations regarding policies and procedures of the jail and CFMG, or its successor, relating to isolation of prisoners with mobility disabilities, access to grievance forms, and activities of daily living.

### 6.2.    Jail Inmate Programs

Defendants agree:

**6.2.1.**   That Settlement Class Members shall have access to all programs that non-mobility disabled inmates have in Jail facilities, including inmate work programs;

**6.2.2.**   That Mobility Disabilities will not serve to disqualify Settlement

1144699

Class Members from participating in programs in which they are otherwise eligible to participate;

> **6.2.3.** That all programs, services, and activities shall be offered in Accessible locations, including inmate work programs;

> **6.2.4.** That Settlement Class Members shall be treated as "inmate workers" for purposes of program access. This includes, but is not limited to:

- That Settlement Class members who state a willingness to work, but are unable to do so because of that inmate's mobility disability given the limited work assignments available at the jail, that inmate will be awarded the same work-related sentence reduction provided to inmate workers.

- That Settlement Class members who state a willingness to work, but are unable to do so because of that inmate's mobility disability are provided the same privileges as inmate workers. These privileges include an increase in the number of visitations permitted and the length of the visit.

- The County will provide reasonable accommodations and modifications to Class Members to enable them to work as required by law.

> **6.2.5.** That Settlement Class Members will be escorted, to the extent necessary, to any program in which they are otherwise eligible to participate in, provided that program is available in the Jail in which the inmate is housed;

> **6.2.6.** To notify Settlement Class Members of the programs available to them in either paper or electronic format, or both.

**7.** **ADA Coordinator**

Within thirty (30) days of Final Approval, the County shall employ an ADA Coordinator who will oversee the Jail's compliance with Accessibility Laws.

The duties of the ADA Coordinator shall include:

- Interfacing with staff for the County or CFMG, or CFMG's successor, to ensure that Settlement Class Members receive reasonable accommodations as appropriate;

- Reviewing, investigating, and interfacing with staff for the County, CFMG, or

14

1144699

CFMG's successor, to attempt to resolve inmate mobility disability related requests and grievances;

- Monitoring and responding to Mobility Disability-related issues that otherwise come to the ADA Coordinator's attention;

- Ensuring compliance with Settlement Agreement; and

- Ensuring the County's compliance with Accessibility Laws at the Jail.

The ADA Coordinator shall have the authority to make recommendations regarding the provision of reasonable accommodations to Settlement Class Members including, when necessary, the authority to bring issues to the attention of County Officials (including, without limitation, the Jail Commander and Sheriff) for resolution, and to bring any and all issues to the attention of Class Counsel during the Term.

**8.** **Accommodations**

Settlement Class Members shall receive reasonable accommodations when they request them and/or as prescribed by CFMG, or its successor's, medical professionals.

Accommodations may include, but are not limited to: assignment to lower bunks; assignment to cells on lower tiers; changes of clothing; extra blankets; shower benches; mobility equipment; and assignment to a cell with accessible features.

Information reflecting orders by CFMG, or its successor's, medical professionals for accommodations for Settlement Class Members shall be accessible to custody staff so that they may be implemented in housing areas.

**9.** **Grievance Process**

**9.1.** **Grievance Form**

The County shall amend its existing grievance form to include a checkbox or similar means to identify that the request and/or grievance is Mobility Disability-related.

**9.2.** **ADA Grievances**

All grievances in which an inmate indicates that the grievance is a Mobility Disability related pursuant to Section III.9.1 or that involves mobility assistive devices and/or physical accessibility of the Jail shall be designated "ADA" grievances even if the inmate who filed the

1144699

grievance did not check the "ADA" box. The issue of whether or not a grievance is an ADA Grievance is itself an ADA Grievance.

### 9.3. ADA Grievance Process

The Jail's grievance process shall be amended such that during the Term of the Settlement Agreement, if an ADA grievance is denied at the second level of the grievance process, the grievance will be submitted to the ADA Coordinator for review and the ADA Coordinator will submit the grievance and the denial of the grievance to class counsel within fourteen (14) days. At Class Counsel's sole discretion, Class Counsel may meet with or confer with the ADA Coordinator regarding the ADA grievance. The ADA Coordinator and the Jail shall make reasonable efforts at Class Counsel's request to make the inmate available to confer with Class Counsel over the telephone or for an in person visit at the Jail at Class Counsel's sole discretion. The ADA Coordinator will furnish Class Counsel with all documents related to the ADA grievance on request.

During the Term of the Settlement Agreement, any ADA grievance that is denied at the first level review will be automatically appealed to the second level of the grievance process. Also during the Term of the Settlement Agreement, any ADA grievance that is denied at the second level review, will be automatically appealed to the ADA Coordinator.

### 9.4. Response Time

The response time for ADA grievances will be no more than that allowed for under the standard grievance policy.

### 9.5. Grievance Document Retention

Defendants will keep copies of all ADA grievances for purposes of monitoring in this matter.

### 9.6. ADA Bill of Rights Leaflet

Within 90 days of the effective date, and in consultation Joint Accessibility Expert, the County shall create and distribute a leaflet ("ADA Bill of Rights Leaflet") to be available at the Jail to advise Class Members of their rights under the Accessibility Laws. Upon request of the County, Class Counsel shall work with the Joint Accessibility Expert to provide a draft leaflet

within 30 days. This leaflet is to be provided to all current inmates and any future inmate in paper form. Additionally, it shall be posted in all day rooms, the Jail's visitor waiting room, and made available to inmates in the same location and manner as grievance forms. This leaflet shall, at a minimum, contain a summary of class members' rights under the Accessibility Laws, the grievance process as it relates to ADA grievances, the appeal process for ADA grievances, and how to contact the ADA coordinator.

### 10. Identification and Tracking of Inmates with Disabilities

In consultation with the Joint Accessibility Expert, Defendants shall design and implement a system for identifying and tracking all inmates who are qualified individuals with Mobility Disabilities within six (6) months of the Final Approval of the Settlement Agreement. The County will also track the reasonable accommodations necessary for qualified inmates with Mobility Disabilities to participate in the programs, services, and activities offered by Defendants at the Jail.

### 11. Training

Within sixty (60) days of Final Approval of the Settlement Agreement Defendants shall provide a comprehensive training to all current staff for the County or CFMG, or CFMG's successor, at the Jail regarding the rights of inmates with mobility disabilities under Accessibility Laws and Jail policies pertaining to treatment of inmates with disabilities.

Defendants will provide comprehensive training to all newly hired staff for the County or CFMG, or CFMG's successor, within thirty (30) days of their start date.

Defendants will also provide updated training regarding the rights of inmates with disabilities under Accessibility Laws and Jail policies pertaining to inmates with mobility disabilities on an annual basis.

Defendants will provide Class Counsel with a copy of training materials used for these purposes within 30 days of creation. Class Counsel will provide input within thirty days of receipt. The County agrees to consider Class Counsel's input in good faith.

1144699

## 12.    Reporting of Progress

### 12.1.   Joint Accessibility Expert to Report on Progress

The County shall retain the services of the Joint Accessibility Expert to monitor the County's compliance with the barrier removal and policy changes identified in the Joint Accessibility Expert's written report.

The Joint Accessibility Expert shall be retained until the completion of the barrier removal identified in the Joint Accessibility Expert's written report.

### 12.2.   Review of Plans

The County will provide copies of architectural drawings ("plans") for construction or physical alterations within the Jail to the Joint Accessibility Expert on request to review (either onsite or via electronic mail/mail) for compliance with the Settlement Agreement as follows:

**12.2.1.** Work Performed by County Staff: the County will provide the Joint Accessibility Expert with plans to review at least sixty (60) days prior to implementation by the County.

**12.2.2.** Job Order Contracts: The County will provide to the Joint Accessibility Expert plans and specifications to be included in a job bid package sixty (60) days prior to the time that the County schedules to accept bids.

**12.2.3.** If during the Term of this Agreement the County uses any method other than Job Order Contracts to hire none County Staff to perform physical alterations to the Jail, the County shall promptly inform Class Counsel and provide the Joint Accessibility Expert notice analogous to the notice required for Job Order Contracts as defined in Section III.12.2.2.

The Joint Accessibility Expert will have 21 days from receipt of the plans to provide comments to the County. Additional time will be provided to the Joint Accessibility Expert if reasonable. If the County agrees with the Joint Accessibility Expert's comments for changes to the plans, the County will incorporate the agreed upon changes into the plans. If the County disagrees with the Joint Accessibility Expert's comments for changes to the plans, the County will notify Plaintiffs' Counsel of the disagreement, provide copies of the Joint Accessibility Expert's comments and any materials referenced to Plaintiffs' counsel, and the Parties will

1144699

engage in a meet and confer process to see if any disputes can be resolved.

If the meet and confer process does not resolve a dispute, it will be subject to the overall dispute resolution provision of Section III.13 of the Settlement Agreement.

### 12.3. On-Site Inspection of Completed Construction

Unless otherwise agreed to by the Parties in writing, the Joint Accessibility Expert will conduct site inspections at least every four months to review completed work. If at the Joint Accessibility Expert's discretion, additional site inspections are required, those inspections will occur. The Expert shall confirm that work in progress and completed work complies with accessible design standards under state and federal law and the agreed upon terms of the Settlement Agreement.

The Joint Accessibility Expert will provide written notice to Class Counsel two weeks prior to any site visit. Upon three days written notice to the County, Class Counsel may accompany the Joint Accessibility Expert. Class counsel will not be limited in the number of attorneys that attend any site visit; however, the Defendants shall pay for no more than two Class Counsel to be present at any site visit. For purposes of these site inspection Class Counsel will bill at a blended rate $500 per hour for each attorney. Defendants shall also pay for travel and costs.

### 12.4. Reports

The Joint Accessibility Expert will provide a written report to the Parties regarding the County's compliance with the terms of the Settlement Agreement every four (4) months. The first report shall be issued four (4) months from the completion of the Joint Accessibility Expert's Report. Upon meeting and conferring, the parties may jointly agree in writing to accelerate or retard the issuance of any individual Joint Accessibility Expert Report.

The Joint Accessibility Expert will provide the Parties a draft of the report at least fourteen (14) days before issuing the report. The Parties will have the opportunity to comment on the proposed report, and may agree to allow the Joint Accessibility Expert an additional seven (7) days to finalize a report after he/she receives comments from the Parties.

1144699

### 12.5. **Reporting by the County**

The County will provide a written report to the Joint Accessibility Expert, with a copy to Plaintiffs' counsel, on a semi-annual basis, during the performance of remediation work. The initial report by the County will be due six (6) months from Final Approval of the Settlement Agreement. The reports will include the following:

- A list and description of remediation work required by the Settlement Agreement planned for the next six (6) months;
- A summary of remediation work required by the Settlement Agreement completed during the previous six (6) months;
- A summary of remediation work required by the Settlement Agreement in progress including any estimated dates of completion and
- A statement confirming that it has incorporated the agreed upon policy changes in Section III.6 of the Settlement Agreement into the training it provides Jail staff.

**12.5.1.** Defendants do not currently have the ability to run searches and provide statistics about assistive devices usage/grievances to Class Counsel, number of inmates with Mobility Disabilities but will have this ability once the identification and tracking system referenced in Section III.10 is developed and implemented. Defendants agree to provide Class Counsel with such statistics six (6) months after the system is operational and thereafter on an annual basis during the Term of this Settlement Agreement.

**12.5.2.** Plaintiffs will provide comments on the County reports (if any) within thirty (30) days of receiving the report.

### 13. **Dispute Resolution**

**13.1.** The Parties will negotiate in good faith to resolve any dispute relating to the interpretation or implementation of this Settlement Agreement.

**13.2.** In the event Plaintiffs believe that Defendants are not in compliance with the terms of this Settlement Agreement, Plaintiffs will notify the Defendants in writing of the alleged noncompliance.

1144699

**13.3.**    Defendants will have fourteen (14) days following receipt of the notification to respond to Plaintiffs concerning the alleged violations or noncompliance.

**13.4.**    Following Plaintiffs' receipt of Defendants' response, if any, to any alleged violations or noncompliance, the Parties will negotiate in good faith for at least fourteen (14) days to resolve their difference.

**13.5.**    Plaintiffs agree not to file any motion to enforce this Settlement Agreement until this dispute resolution process has been completed and then only if the alleged violations or noncompliance have not been corrected as a result of the dispute resolution effort by the Parties. Any motion to enforce this Settlement Agreement will be brought in the court in which this action is currently pending.

**13.6.**    In the event that a dispute is submitted to the District Court for decision pursuant to Section III.13.5 the District Court shall have discretion to award all reasonable and necessary attorneys' fees and costs incurred by Class Counsel in accordance with applicable law.

**13.7.**    Notices to the Parties will be sent to the following individuals and locations:

For Plaintiffs:
Director of Litigation
Disability Rights Legal Center
350 S. Grand Ave, Suite 1520
Los Angeles, CA 90071
Telephone: (626) 389-8277
Facsimile: (213) 736-1428

Steven Ragland, Esq.
Keker and Van Nest
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Jon A. Atabek, Esq.
Atabek & Associates, P.C.
16330 Bake Parkway
Irvine, CA 92618
Telephone: (213) 394-5943

21

1144699

For Defendants:

Jim Ross, Assistant County Counsel
Shasta County Counsel's Office
1450 Court Street, Rm. 332
Redding, CA 96001

Jerome M. Varanini, Esq.
CFMG
Law Office of Jerome M. Varanini
641 Fulton Ave. STE. 200
P.O. Box 590
Sacramento, CA 95812-0590

13.8.    The Parties understand, recognize, and agree that the inmate grievance process is an important step in the operation of the Jail and the protection and providing of services to inmates.  Accordingly, during the Term of this Settlement Agreement, the Parties agree that all individual ADA-related inmate grievances shall first be submitted to the Defendants via established inmate grievance process as modified by Section III.13 of this agreement.  Once the administrative review process for an inmate grievance is exhausted, should the individual inmate contend that the grievance process procedures failed to adequately address an ADA-related complaint within the purview of the Settlement Agreement in this Litigation, only at that time may Class Counsel invoke the dispute resolution process set out in this Section. Nothing in this Settlement Agreement is intended to preempt and/or violate any existing requirement of the Prison Litigation Reform Act ("PLRA") or the Prison Rape Elimination Act ("PREA"). Additionally, nothing in this Settlement Agreement is intended to interfere with the grievance process(es) and/or reporting process(es) under the PLRA and/or PREA.

14.    **Plaintiffs are Prevailing Parties**

Defendants agree that, conditioned upon the District Court granting Final Approval of this Settlement Agreement, and the Judgement becoming Final, Plaintiffs are prevailing parties for purposes of awarding reasonable attorneys' fees, expenses, and costs.

15.    **Motion for Attorney Fees, Expenses and Costs**

15.1.    Plaintiffs will move or apply for approval by the District Court of the reasonable attorney fees, expenses, and costs incurred by Class Counsel.

1144699

**15.2.** The County and CFMG will pay the amounts awarded by the District Court after: (i) the District Court has issued a written order granting Final Approval of this Settlement Agreement; (ii) The Judgement has become Final and (iii) the District Court has approved an award of reasonable attorney fees, expenses, and costs. Both Parties reserve the right to appeal the District Court's order on attorneys' fees, expenses, and costs.

**15.3.** The County and CFMG's payment of the amounts awarded by the District Court for reasonable attorney fees, expenses, and costs is in full and complete satisfaction of any and all claims for attorneys' fees, expenses, and costs incurred by Plaintiffs and Class Counsel in the Class Action, and Plaintiffs (on behalf of themselves and the Settlement Class) and Class Counsel expressly waive any right to recover any additional attorneys' fees, expenses, and costs of any in connection with the Class Action or this Settlement Agreement, except for attorneys' fees, expenses, and costs recoverable by Plaintiffs and Class Counsel as expressly provided in this Settlement Agreement.

**15.4.** The Defendants' liability will be joint and several. The Defendants will enter into a separate private agreement with respect to apportionment. The Defendants' failure to reach such an agreement will not serve as a basis for contesting the finality or enforceability of this Settlement Agreement.

**16.** <u>**Monitoring Fees, Expenses and Costs**</u>

The Parties acknowledge that Class Counsel will incur attorneys' fees and costs and will be entitled to recover reasonable attorneys' fees and costs during the Term of this agreement for Monitoring the agreement after the period for attorneys' fees and costs covered under the Section III.**15**. The parties agree that Class Counsel shall submit, on a semi-annual basis, applications for attorneys' fees and costs to Defendants to cover their reasonable fees and costs spent Monitoring the Settlement Agreement and the parties will negotiate in good faith to attempt to resolve the issue. Time spent on these applications will also be recoverable. In the event that the parties are unable to agree on the issue, Plaintiffs' counsel may bring an action before the District Court through a motion for attorneys' fees and costs and the District Court shall award all reasonable and necessary attorneys' fees and costs incurred by Class Counsel in accordance with applicable

1144699

law.

### 17. Governing Law

This Settlement Agreement will be governed by and construed in accordance with the laws of the State of California with respect to principles of common law contract interpretation.

### 18. Continuing Jurisdiction

The Court shall maintain jurisdiction over the lawsuit, including jurisdiction to enforce the terms of this Settlement Agreement and to otherwise oversee compliance with the terms of this Settlement Agreement for the duration of the Term and for such additional time as may be necessary to resolve any disputes still pending at the end of the Term. The Parties and their counsel will have standing to seek enforcement of this Settlement Agreement. Nothing in this Settlement Agreement shall preclude the Parties from seeking to reduce, or the Court reducing the duration of this agreement.

### 19. Duration of the Agreement

This Settlement Agreement, including all of its obligations will be in effect for the Term, as defined in Section II.24, after which time its provisions will automatically terminate unless the Court determines that, based on applicable law and specific findings of fact, that it is necessary to extend the duration of this Agreement. Nothing in this Settlement Agreement shall preclude the Parties from seeking to extend, or the Court extending, the duration of this agreement.

### 20. Dismissal

Within forty-five (45) days of the Effective Date of this Settlement Agreement, Class Counsel shall provide to counsel for Defendants a signed form for request for dismissal of the First, Second, Third, Fourth, Fifth, and Sixth Claim for Relief in the Lawsuit. The dismissal will expressly incorporate the terms of the Settlement Agreement, and the Court will expressly retain jurisdiction for purpose of enforcing the Settlement Agreement as stated above. Claims seven and eight will not be dismissed.

### 21. Entire Agreement

This Settlement Agreement expresses and constitutes the complete and final

1144699

understanding of the Parties with respect to the subject matter of this Settlement Agreement. The parties hereto understand and agree that the terms of this Settlement Agreement supersede any prior discussions, understandings, or agreements, whether orally or in writing, between them related to the subject matter hereof.

**22.**   **Computing Time**

When the period is stated in days:

**22.1.**   Exclude the day of the event that triggers the period;

**22.2.**   Count every day, including intermediate Saturdays, Sundays, and legal holidays; and

**22.2.1.** include the last day of the period, but if the last day is a Saturday, Sunday, or holiday for the United States District Court for the Eastern District of California, the period continues to run until the end of the next day that is not a Saturday, Sunday, or a holiday for the United States District Court for the Eastern District of California.

**23.**   **Counterparts**

This Settlement Agreement may be executed in counterparts, each of which shall be considered an original, but all of which, taken together, shall constitute one and the same instrument.

**24.**   **Interpretation**

The language of this Settlement Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties. The headings in this Settlement Agreement are solely for convenience and shall not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural, and the terms "and" and "or" shall mean "and/or." This Settlement Agreement is the product of negotiation and joint drafting so that any ambiguity shall not be construed against any party.

**25.**   **Severability**

In the event any portion of this Settlement Agreement is deemed to be unenforceable, or is in conflict with applicable law, the remainder of this Settlement Agreement will be enforced and will remain in full force and effect. Nothing in this Settlement Agreement shall be construed to

1144699

1 | require the Defendants to act contrary to state or federal laws, regulations or guidelines.

2 | **26.    Additional Documents**

3 | To the extent any documents are required to be executed by any of the Parties to

4 | effectuate this Settlement Agreement, each party hereto agrees to execute and deliver such and

5 | further documents as may be required to carry out the terms of this Settlement Agreement.

6 | **27.    Authority to Bind**

7 | Each signatory to this Settlement Agreement certifies that it, he or she is fully authorized

8 | by the party it, he or she represents to enter into the Settlement Agreement, to execute it on behalf

9 | of the party represented, and to legally bind that party thereto.

Dated: _Sept 1st_, 2017

_____
Plaintiff EVERETT JEWETT on
behalf of himself and the Class

Dated: _____, 2017

_____
Plaintiff GLEN HAROLD EVERETT on behalf
of himself and the Class

Dated: _____, 2017

_____
Plaintiff MICHAEL DONALD ACKLEY on
behalf of himself and the Class

Dated: _____, 2017

_____
Plaintiff LEGAL SERVICES FOR
PRISONERS WITH CHILDREN on
behalf of himself and the Class

//
//
//
//

26

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

1144699

1    require the Defendants to act contrary to state or federal laws, regulations or guidelines.

2        **26.    Additional Documents**

3            To the extent any documents are required to be executed by any of the Parties to

4    effectuate this Settlement Agreement, each party hereto agrees to execute and deliver such and

5    further documents as may be required to carry out the terms of this Settlement Agreement.

6        **27.    Authority to Bind**

7            Each signatory to this Settlement Agreement certifies that it, he or she is fully authorized

8    by the party it, he or she represents to enter into the Settlement Agreement, to execute it on behalf

9    of the party represented, and to legally bind that party thereto.

10

11

12

13    Dated: _____, 2017                 _____
                                                Plaintiff EVERETT JEWETT on
14                                              behalf of himself and the Class

15

16    Dated: __9 - 15__, 2017                   _____
                                                Plaintiff GLEN HAROLD EVERETT on behalf
17                                              of himself and the Class

18

19    Dated: _____, 2017                 _____
                                                Plaintiff MICHAEL DONALD ACKLEY on
20                                              behalf of himself and the Class

21

22    Dated: _____, 2017                 _____
                                                Plaintiff LEGAL SERVICES FOR
23                                              PRISONERS WITH CHILDREN on
                                                behalf of himself and the Class
24

25    //

26    //

27    //

28    //

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

1144699

1    require the Defendants to act contrary to state or federal laws, regulations or guidelines.

2    **26.    Additional Documents**

3        To the extent any documents are required to be executed by any of the Parties to

4    effectuate this Settlement Agreement, each party hereto agrees to execute and deliver such and

5    further documents as may be required to carry out the terms of this Settlement Agreement.

6    **27.    Authority to Bind**

7        Each signatory to this Settlement Agreement certifies that it, he or she is fully authorized

8    by the party it, he or she represents to enter into the Settlement Agreement, to execute it on behalf

9    of the party represented, and to legally bind that party thereto.

10

11

12

13   Dated: _____, 2017

     _____
     Plaintiff EVERETT JEWETT on
     behalf of himself and the Class

14

15

16   Dated: _____, 2017

     _____
     Plaintiff GLEN HAROLD EVERETT on behalf
     of himself and the Class

17

18

19   Dated: _9 / 15 /_, 2017

     *Michael Donald Ackley*
     _____
     Plaintiff MICHAEL DONALD ACKLEY on
     behalf of himself and the Class

20

21

22   Dated: _____, 2017

     _____
     Plaintiff LEGAL SERVICES FOR
     PRISONERS WITH CHILDREN on
     behalf of himself and the Class

23

24

25   //

26   //

27   //

28   //

26

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

require the Defendants to act contrary to state or federal laws, regulations or guidelines.

**26. Additional Documents**

To the extent any documents are required to be executed by any of the Parties to effectuate this Settlement Agreement, each party hereto agrees to execute and deliver such and further documents as may be required to carry out the terms of this Settlement Agreement.

**27. Authority to Bind**

Each signatory to this Settlement Agreement certifies that it, he or she is fully authorized by the party it, he or she represents to enter into the Settlement Agreement, to execute it on behalf of the party represented, and to legally bind that party thereto.

Dated: _____, 2017

_____
Plaintiff EVERETT JEWETT on
behalf of himself and the Class

Dated: _____, 2017

_____
Plaintiff GLEN HAROLD EVERETT on behalf
of himself and the Class

Dated: _____, 2017

_____
Plaintiff MICHAEL DONALD ACKLEY on
behalf of himself and the Class

Dated: Sept 27, 2017

_____
Plaintiff LEGAL SERVICES FOR
PRISONERS WITH CHILDREN on
behalf of himself and the Class

//
//
//
//

1144699

**APPROVED AS TO FORM**

**For Plaintiffs and the Class**

Dated: 10/18/17

KEKER & VAN NEST LLP

By: _____
    STEVEN P. RAGLAND

    AJAY KRISHNAN

    TAYLOR GOOCH

Dated: _____

DISABILITY RIGHTS LEGAL CENTER

By: _____
    MARONEL BARAJAS

    ANA RIVERA

Dated: _____

ATABEK & ASSOCIATES, P.C.

By: _____
    JON A. ATABEK

Attorneys for Plaintiffs
EVERETT JEWETT, LEGAL SERVICES
FOR PRISONERS WITH CHILDREN,
GLEN HAROLD EVERETT, MICHAEL
DONALD ACKLEY, HAROLD ROBERT
MARQUETTE

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

1144699

1 | **APPROVED AS TO FORM**

2

3 |     **For Plaintiffs and the Class**

    Dated:                                    KEKER & VAN NEST LLP
4

5
                                        By: _____
6                                           STEVEN P. RAGLAND

7                                           AJAY KRISHNAN

8                                           TAYLOR GOOCH

9 | Dated: 10-11-2017                          DISABILITY RIGHTS LEGAL CENTER

10

11                                       By: _____
                                            MARONEL BARAJAS
12
                                            ANA RIVERA
13 | Dated:                                   ATABEK & ASSOCIATES, P.C.

14

15                                       By: _____
                                            JON A. ATABEK
16
                                            Attorneys for Plaintiffs
17                                          EVERETT JEWETT, LEGAL SERVICES
                                            FOR PRISONERS WITH CHILDREN,
18                                          GLEN HAROLD EVERETT, MICHAEL
                                            DONALD ACKLEY, HAROLD ROBERT
19                                          MARQUETTE

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

1144699

1    **APPROVED AS TO FORM**

2
        **For Plaintiffs and the Class**
3
     Dated:                                    KEKER & VAN NEST LLP
4

5                                     By:
                                          _____
6                                         STEVEN P. RAGLAND

7                                         AJAY KRISHNAN

8                                         TAYLOR GOOCH

9    Dated:                                    DISABILITY RIGHTS LEGAL CENTER

10
                                      By:
11                                        _____
                                          MARONEL BARAJAS
12                                        ANA RIVERA

13   Dated: October 11, 2017             ATABEK & ASSOCIATES, P.C.

14
                                      By:
15                                        _____
                                          JON A. ATABEK
16
                                          Attorneys for Plaintiffs
17                                        EVERETT JEWETT, LEGAL SERVICES
                                          FOR PRISONERS WITH CHILDREN,
18                                        GLEN HAROLD EVERETT, MICHAEL
                                          DONALD ACKLEY, HAROLD ROBERT
19                                        MARQUETTE

20

21

22

23

24

25

26

27

28

27

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
Case No. 2:13-cv-0882 MCE AC (PC)

1144699

1

2

3

4      **For Defendants:**

5

6   Dated: 11/2/17                            LAW OFFICES OF JEROME M.
                                             VARANINI
7

8                                       By:

9                                             JEROME MARTIN VARANINI

10                                           Attorneys for Defendants
                                            CALIFORNIA FORENSIC MEDICAL
11                                          GROUP, INC., DR., JEREMY AUSTIN,
                                            MARY BARNES, AND JAMES
12                                          ROEMMICH

13  Dated:   8/17/2017                       BRICKWOOD LAW OFFICE

14

15                                      By:
                                             GARY CHARLES BRICKWOOD

16                                           Attorneys for Defendant SHASTA
                                            COUNTY SHERIFF'S DEPARTMENT
17

18          I hereby attest that I have on file all holographic signatures corresponding to any

19   signatures indicated by a conformed signature (/S/) within this e-filed document.

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT REGARDING MOBILITY IMPAIRED INMATES IN SHASTA COUNTY JAILS

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.**

This Notice is about a proposed settlement in a class action lawsuit against the Shasta County Sheriff's Department and California Forensic Medical Group involving the Americans with Disabilities Act ("ADA"). The lawsuit is called *Jewett et al. v. Shasta County Sheriff's Department, et al.*, Case No. 2:13-cv-0882 MCE AC (PC).

The District Court has scheduling a hearing to consider the settlement on April 19, 2018, at 2:00 p.m., at the Robert T. Matsui United States Courthouse, Courtroom 7, 14th Floor, 501 I Street, Sacramento, CA  95814. This hearing is referred to as the Fairness Hearing.

## ABOUT OF THE LAWSUIT

Several inmates of the Shasta County Jail and an organization, called Legal Services for Prisoners with Children, filed a lawsuit against the Sheriff, the Shasta County Sheriff's Department, Shasta County and California Forensic Medical Group under the ADA and other laws claiming that inmates with mobility impairments were being denied equal access to programs, services and facilities available to inmates without mobility impairments, and that they were not provided with reasonable accommodations for their disabilities. Specifically, the lawsuit alleges that jail staff did not give inmates with mobility impairments, who need mobility aids, such as wheelchairs, walkers or crutches the same access to jail programs, services, and activities that they offered to inmates without mobility impairments. The lawsuit also alleged that the jail facilities had physical barriers that denied inmates with mobility disabilities access. The Sheriff, the Shasta County Sheriff's Department, Shasta County and California Forensic Medical Group (together, "Defendants") deny any liability or wrongdoing.

This is a class action. In a class action, one or more people or organizations, called Class Representatives (in this case Everett Jewett, Glen Harold Everett, Michael Donald Ackley, and Legal Services for Prisoners with Children ("Plaintiffs")), sue on behalf of people who have

similar legal claims. All of these people are a Class or Class Members. One court resolves the issues for all Class Members. United States

District Judge Morrison C. England is in charge of this class action. The parties have reached a settlement and this notice provides details of that settlement.

The District Court appointed Keker, Van Nest & Peters LLP, Disability Rights Legal Center, and Atabeck & Associates to serve as the attorneys to the class in this lawsuit ("Class Counsel").

The Court did not decide in favor of either Plaintiffs or the Defendants in this case. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of a trial, and settlement benefits go to the Class Members. The Class Representatives and Class Counsel (the attorneys appointed by the Court to represent the Class) think the proposed settlement is in the best interests of the Class Members taking into account the benefits of the settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if the litigation continues. By agreeing to the terms of settlement, Defendants are not admitting wrongdoing or liability.

## THE SETTLEMENT CLASS

The settlement class includes all current and future detainees and prisoners with a Mobility Disability, at any time from May 6, 2011 through the term of the settlement agreement who, because of their disabilities, need appropriate accommodations, modifications, services, and and/or physical access at Shasta County Jail.

## SUMMARY OF THE PROPOSED SETTLEMENT AGREEMENT

The following is only a summary of the terms and benefits of the settlement. The written agreement between the parties has the full terms of the proposed settlement. There are instructions below if you want more information regarding this settlement.

The settlement requires Defendants to make various changes and improvements to Shasta

2

County jail facilities that house or process inmates with mobility impairments. The settlement is for injunctive relief only and does not provide for any cash payment to members of the class, but it also does not limit your right to bring a claim for damages if you have one.

The Defendants have agreed to do the following:

1.  Hire an expert who will inspect the jail and identify all areas that do not comply with the ADA and remove and/or remediate all of the physical barriers identified in the expert's report. The expert will also monitor construction by reviewing construction plans, conducting site inspections of completed work and providing written reports to Class Counsel. The expert will use the policy or regulation that gives the greatest level of accessibility to the class. Hire an expert who will review all of the jail-related policies and recommend changes that will be implemented.

2.  Hire an ADA Coordinator who will oversee the Jail's compliance with laws relating to accessibility. The ADA Coordinator will also work with jail and CFMG staff to ensure inmates with disabilities receive appropriate accommodations, review any investigation related to inmates' accommodation-related requests and grievances, and monitor mobility-disability-related issues.

3.  Amend the Jail grievance form to identify mobility-disability related requests. The grievance process will also be amended such that if a grievance that is designated an ADA grievance is rejected at the second level of the grievance process, the grievance will be submitted to the ADA coordinator for review and the ADA coordinator will submit the grievance and any denial of the grievance to Class Counsel within fourteen (14) days.

4.  Provide inmates with mobility impairments equal access to programs and services such as educational and vocational programs, educational and religious activities, and notify inmates with mobility impairments of the programs available to them

5.  Implement a system for identifying and tracking all inmates who have mobility disabilities as well as track the reasonable accommodations necessary for inmates with mobility disabilities to participate in the programs, services and activities in the Jail.

3

6.     Provide comprehensive training to all current and future Jail staff for the County, CFMG, or CFMG's successor, regarding the rights of inmates with mobility disabilities under federal and state disability laws and Jail policies pertaining to treatment of inmates with disabilities.

7.     Defendants agree to pay Class Counsel's attorney fees and costs. The Court will decide the amount.

8.     Defendants also agree to pay Class Counsel's reasonable attorney fees and costs associated with monitoring compliance with the settlement agreement and with dispute resolution.

9.     The Court will retain jurisdiction to enforce this Agreement for at least 3 years.

10.    The Class Representatives release and settle all of their claims against Defendants for injunctive relief only. Class Members release class claims for injunctive relief, but do not release any future claims or claims for damages.

## <u>OBJECTIONS TO THE SETTLEMENT</u>

The Court has given preliminary approval of the Settlement Agreement, and has scheduled a Fairness Hearing before the Honorable Morrison C. England for April 19, 2018 in Courtroom 7, 14th Floor of the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814, to determine whether the proposed settlement is fair and reasonable and should be finally approved. Although you are not required to attend, as a Class Member, you have the right to attend and be heard at this hearing. This hearing date may be changed by the Court without further notice to the entire Class.

Class Members have a right to object to the terms of the Settlement Agreement. To be considered by the District Court, Class Member objections can be made via phone or in writing. All objections must be postmarked or submitted to Class Counsel by not later than March 28, 2018 at the contact information listed below:

4

DISABILITY RIGHTS LEGAL CENTER
350 S. Grand Ave, Suite 1520
Los Angeles, California 90071
Telephone: (866) 752-6679
Email: DRLCenter@drlcenter.org

Objections <u>must</u> include all of the following information:

    (1) The objector's contact information (full name and address. And, if available,

        phone number and email, and inmate number);

    (2) An explanation of the basis for your objection to the Settlement Agreement;

    (3) A statement that you are a member of the Class alleged herein; and

    (4) A statement whether you intend to appear at the Fairness Hearing.

All information submitted to Class Counsel will be provided to the attorneys for the Sheriff, the Shasta County Sheriff's Department, Shasta County and California Forensic Medical Group and the District Court.

Only Class Members who submitted timely written or telephonic objections in the manner described above will have the right, if they seek it in their objections, to present objections at the Fairness Hearing. Any Class Member who fails to timely submit an objection may not be granted the right to appear before the Court at the hearing to make objections to the adequacy and/or fairness of the proposed Settlement Agreement. Objectors may withdraw their objections at any time.

**IF YOU DO NOT OPPOSE THE SETTLEMENT, YOU DO NOT NEED TO APPEAR OR SUBMIT ANYTHING IN WRITING OR TELEPHONICALLY.**

1210395

## HOW TO GET MORE INFORMATION

This is a summary of the Settlement Agreement. You can go to the Court any time during regular business hours to look at the pleadings in this case and the Settlement Agreement. The Court is the Robert T. Matsui United States Courthouse, Courtroom 7, 14th Floor, 501 I Street, Sacramento, CA  95814. You can also contact Class Counsel for more information as follows:

DISABILITY RIGHTS LEGAL CENTER
350 S. Grand Ave, Suite 1520
Los Angeles, California 90071
Telephone: (866) 752-6679
Email: DRLCenter@drlcenter.org

**DO NOT CALL OR WRITE TO THE COURT REGARDING THIS CASE**

1210395