UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT JEWETT, LEGAL SERVICES FOR PRISONERS WITH CHILDREN, GLEN HAROLD EVERETT, MICHAEL DONALD ACKLEY, HAROLD ROBERT MARQUETTE, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>   v.<br><br>SHASTA COUNTY SHERIFF'S DEPARTMENT, A PUBLIC ENTITY; TOM BOSENKO, as Sheriff of the Shasta County; SHASTA COUNTY, a public entity; and CALIFORNIA FORENSIC MEDICAL GROUP, INC. a private entity; and DOES 1 through 25, in their individual capacities,<br><br>          Defendants. | Case No. 2:13-cv-0882 MCE AC (PC)<br><br>**CLASS ACTION**<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Assigned to the Hon. Morrison C. England, Jr.<br>Complaint filed: May 6, 2013 |

Having considered the arguments of the parties and the record in its entirety, the Court has determined whether the Settlement in this action by Plaintiffs Everett Jewett, Glen Harold Everett, Michael Donald Ackley, and Legal Services for Prisoners with Children, and Defendants Shasta County, Shasta County Sheriff's Department, Tom Bosenko as Sheriff of the Shasta County (collectively the "County Defendants") and the California Forensic Medical Group ("CFMG"), as set forth in the Settlement Agreement and Release of Claims (the "Settlement Agreement") (ECF No. 119-3), is fair, reasonable and adequate, such that an Order of final approval should be issued and a final judgement upon said Settlement Agreement should be entered by the Court;

WHEREAS, the Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Defendants, and the Settlement Agreement; and

WHEREAS, the Court has read and considered the Parties' Joint Motion for Final Approval of Class Action Settlement, the points and authorities and declarations submitted therewith, the proposed Settlement Agreement, and all of the supporting documents; and finds the Settlement Agreement to be fair, reasonable and adequate:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court, for purposes of this Judgement, adopts the terms and definitions set forth in the Settlement Agreement, attached hereto as Exhibit A, and all terms of the Settlement Agreement are incorporated herein by reference.

2. The Court has and reserves exclusive and continuing jurisdiction over the subject matter of this action, the Plaintiffs, the Settlement Class, the Settlement Agreement, the County Defendants and CFMG.

3. The Court finds that the notice to the Settlement Class of the pendency of this action and the proposed Settlement was disseminated by each of the means required under the Settlement Agreement and the Order of this Court dated March 21, 2018, and was otherwise fully implemented.

4. The Court finds that such notice to the Settlement Class, as ordered and implemented, was reasonably calculated under the circumstances to apprise the Settlement Class

Members of the pendency of this action, all material elements of the proposed Settlement Agreement, and their opportunity (a) to submit written objections to or comments on the Settlement Agreement, and (b) to appear at the Fairness Hearing to object to or comment on the Settlement Agreement. The Notice of Settlement was reasonable and the best notice practicable to all Settlement Class Members and complied with the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. A full and fair opportunity has been afforded to the members of the Settlement Class to participate at a Fairness Hearing, and all other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Settlement Class, as set forth below, are bound by this Order.

5. On April 5, 2017, this Court appointed Plaintiffs Everett Jewett, Glen Harold Everett, Michael Donald Ackley, and Legal Services for Prisoners with Children as Class Representatives of the Settlement Class, and appointed the following counsel as Class Counsel to represent the Settlement Class: (i) Keker, Van Nest & Peters LLP (ii) Disability Rights Legal Center; and (iii) Atabek & Associates, P.C.

6. On March 21, 2018, this Court provisionally certified the following Settlement Class, as defined in the Settlement Agreement: "all current and future detainees and prisoners with a Mobility Disability, who at any time from May 6, 2011 through the Term who, because of their disabilities, need appropriate accommodations, modifications, services, and and/or physical access at Shasta County Jail ("Jail")." *See* Dkt. No. 132; Settlement Agreement II.7. The Court certified the Settlement Class based on the findings in the Order of the same date (Dkt. No. 132), as well as the Order and Amended Findings and Recommendations in the Court's March 13, 2017 Order (Dkt. No. 90), and the Court's April 5, 2017 Order certifying this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 96). This Court finds that the Settlement Class continues to meet the requirements for class certification under the Federal Rules of Civil Procedure and all other applicable laws and rules.

7. In particular, the Court finds that: (a) the Settlement Class is ascertainable; (b) the members of the Settlement Class are so numerous that joinder would be impracticable; (c) there is a commonality of interest among the members of the Settlement Class; (d) there are questions of

1285944.01

law and fact that are common to the Settlement Class; (e) Plaintiffs claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (f) the Plaintiffs seek injunctive relief in this action; (g) injunctive relief with respect to the Settlement Class as a whole is appropriate; (h) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class; (i) Class Representatives and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (j) class treatment is superior to any alternative means of resolving this matter.

8. Class certification is therefore an appropriate method for protecting the interests of the Settlement Class and resolving the common issues of fact and law arising out of the Plaintiffs' claims while also eliminating the risk of duplicative litigation. Accordingly, the Court hereby makes final its earlier provisional certification of the Settlement Class and further confirms the appointment of the Class Representatives and Class Counsel to represent the Settlement Class, as set forth above.

9. The Court grants final approval of the Settlement Agreement and finds that it is fair, reasonable, adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Settlement shall be consummated in accordance with the terms and conditions of the Settlement Agreement.

10. No objections were made to the Settlement Agreement.

11. The Class Representatives and all Settlement Class members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively deemed to have released and forever discharged the County Defendants and CFMG and their Related Entities from all Released Claims as set forth in the Settlement Agreement. All members of the Settlement Class are bound by this Order.

12. All Settlement Class members are conclusively deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the date of the Settlement Agreement and shall have released all such Released Claims against the County Defendants, CFMG, and their Related

1285944.01

Entities, as set forth in the Settlement Agreement. Further, in accordance with the Settlement Agreement, all Settlement Class members are deemed to have waived their protections under California Civil Code § 1542 as it applies to any and all claims for injunctive or declaratory relief concerning the accessibility of the Jail Facilities, except for those that remain in existence after the expiration of the Term. The release does not include any claims for money damages.

13. The benefits described in the Settlement Agreement are the only consideration, fees, costs and expenses that the County Defendants and CFMG shall be obligated to give to any party or entity, including without limitation the Class Representatives, Settlement Class members, and Class Counsel in connection with the claims asserted in the Class Action Complaint, the Settlement Agreement and/or the payment of attorneys' fees, costs and expenses in this action. Mr. Everett Jewett's individual claims are not released except as they relate to purely injunctive relief.

14. Pursuant to the Parties' Settlement Agreement, Plaintiffs have filed a separate Motion for Award of Reasonable Attorneys' Fees and Expenses incurred through May 5, 2017. (ECF Nos. 135-136, 138, 145-146). On May 21, 2018, the Court took the matter under submission. (ECF No. 151).

15. All members of the Settlement Class are bound by this Order. Throughout the Term of the Settlement Agreement, Settlement Class Members are enjoined from asserting or prosecuting any claims that are released by the Settlement Agreement.

16. The Settlement Agreement and this Order are not admissions of liability or fault by the County Defendants, CFMG or their Related Entities, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by the County, CFMG or their Related Entities. The Settlement Agreement is not a concession by the Parties and, to the fullest extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the County Defendants, CFMG or their Related Entities, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of

this Order to consummate or enforce the Settlement Agreement or Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

17. In accordance with the terms of the Settlement Agreement, which is attached hereto as Exhibit A, the Court reserves exclusive and continuing jurisdiction over Plaintiffs, the Settlement Class members, the County Defendants, CFMG and the Settlement Agreement throughout the term of the Settlement Agreement, for the sole purpose of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Order. In that regard, any challenges to the Settlement Agreement's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

IT IS SO ORDERED.

Dated: August 6, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

1285944.01